# EXHIBIT A



NASSAU COUNTY CLERK OF THE CIRCUIT COURT AND COMPTROLLER

## John A. Crawford

*"We are Public Servants! Our every effort shall be dedicated to protecting and preserving the Public Trust."*



New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 452022CA000024CAAXYX [22CA000024AXYX] | 01/24/2022 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 01/24/2022 | AUTO NEGLIGENCE | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| ROBERSON, ERIC CHASE | JUDGE | | |
| TIDEWATER EQUIPMENT COMPANY   Search This Party | DEFENDANT | | |
| KIMBRELL, JASON CARLOS J   Search This Party | DEFENDANT | | |
| GORMAN, ROBERT G. 3   Search This Party | PLAINTIFF | KIRCH, JANEEN MARIE | 41658 |
| GORMAN, SHELBY   Search This Party | PLAINTIFF | KIRCH, JANEEN MARIE | 41658 |

### Dockets

**Page : 1**     ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 14 | 01/25/2022 | SUMMONS ISSUED: TIDEWATER EQUIPMENT COMPANY | 1 |
| | 13 | 01/25/2022 | SUMMONS ISSUED: JASON CARLOS KIMBRELL, JR | 3 |
| | 4 | 01/25/2022 | Payment received: $420.00 Receipt Number YX 191541 | |
| | 2 | 01/25/2022 | Judge: Assigned | |
| | 12 | 01/24/2022 | REQUEST TO PRODUCE | 10 |
| | 11 | 01/24/2022 | REQUEST TO PRODUCE | 11 |
| | 10 | 01/24/2022 | NOTICE OF PROPOUNDING INTERROGATORIES | 11 |
| | 9 | 01/24/2022 | NOTICE OF PROPOUNDING INTERROGATORIES | 10 |
| | 8 | 01/24/2022 | EFILED SUMMONS TO BE ISSUED | 3 |
| | 7 | 01/24/2022 | EFILED SUMMONS TO BE ISSUED | 1 |
| | 6 | 01/24/2022 | COMPLAINT | 9 |
| | 5 | 01/24/2022 | COVER SHEET | 3 |
| | 3 | 01/24/2022 | Assessment 1 assessed at sum $420.00 | |
| | 1 | 01/24/2022 | Case 452022CA000024CAAXYX Filed with Clerk on 1/24/2022 | |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Privacy - Terms

Filing # 142545858 E-Filed 01/24/2022 04:45:06 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 22- CA - 24
DIVISION:
JUDGE: Roberson

ROBERT G. GORMAN
III and SHELBY GORMAN,

        Plaintiffs,

vs.

TIDEWATER EQUIPMENT
COMPANY and JASON CARLOS
KIMBRELL, JR.,

        Defendants.

_____

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and Request for Production in this action on Defendant, Tidewater Equipment Company, a foreign profit corporation, 7303 Blythe Island Highway, Brunswick, GA 31523.

    Each Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys, whose names and address are Curry Gary Pajcic, Esquire, and Janeen M. Kirch, Esquire, One Independent Drive, Suite 1900, Jacksonville, Florida, 32202, within twenty (20) days after service of this Summons on the Defendant, and forty-five (45) days to serve written response to the Interrogatories and Request for Production, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

    **WITNESS** my hand and seal of said Court on 01/25/2022

                              **John A. Crawford**
                              Clerk of the Circuit Court        **John A. Crawford**

(Court Seal)                    By: _____

Filing # 142545858 E-Filed 01/24/2022 04:45:06 PM

③ TAH

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 22-CA-24
DIVISION:
JUDGE: Reberson

ROBERT G. GORMAN
III and SHELBY GORMAN,

      Plaintiffs,

vs.

TIDEWATER EQUIPMENT
COMPANY and JASON CARLOS
KIMBRELL, JR.,

      Defendants.

_____

## SUMMONS
## PERSONAL SERVICE ON AN INDIVIDUAL
## IMPORTANT

TO:    JASON CARLOS KIMBRELL, JR.
       7166 HIGHWAY 301 SOUTH
       NAHUNTA, GA 31553

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and 45 calendar days after this summons is served on you to file a written response to the attached Interrogatories, and Request for Production, in this Court. A phone call will not protect you; your written response; including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the Plaintiffs' Attorney named below.

**Curry Gary Pajcic**
**PAJCIC & PAJCIC, P.A.**
**One Independent Drive, Suite 1900**
**Jacksonville, Florida  32202**
**(904) 358-8881**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904)548-4600 press 0, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this **Summons and Complaint, Interrogatories, and Request to Produce** in this lawsuit on the above-named Defendant.

DATED ON   January 25th   2020 2022
                                                    TAH

(Court Seal)

**John A. Crawford**
Clerk of the Circuit Court                    John A. Crawford
By:
Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiendades, o privado de sus derechos, sin prvio aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres oblications juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a unbureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT, FORTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO.:

DIVISION:

ROBERT GORMAN III,
and SHELBY GORMAN, his wife,
      **Plaintiffs,**

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
      **Defendants.**

_____

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT JASON CARLOS KIMBRELL

Plaintiffs, pursuant to Rule 1.350, Florida Rules of Civil Procedure, request that Defendant JASON CARLOS KIMBRELL produce at the offices of Pajcic & Pajcic, P.A., One Independent Drive, Suite 1900, Jacksonville, Florida 32202, or some other mutually agreeable place, the following documents for inspection and/or copying with in the time required by law:

### *DEFINITIONS*

As used herein, the terms "Defendant", "you", "your", "defendant driver", "JASON CARLOS KIMBRELL", "KIMBRELL", and "Defendant KIMBRELL" mean JASON CARLOS KIMBRELL, a party Defendant to this case, and any of his representatives or assigns, and his attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms, "Defendant TIDEWATER EQUIPMENT" and "TIDEWATER EQUIPMENT COMPANY", mean TIDEWATER EQUIPMENT COMPANY, INC., a party Defendant to this case, and any of its representatives or assigns, and their attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms "the crash", "the accident", "this accident", "the collision", "the incident" and "this incident" mean the accident described in the Complaint which occurred on August 22, 2020, in Nassau County, Florida.

As used herein, the term "the truck" means the 2016 FORD F450 bearing VIN number 1FDUF5HT4GED30101 as alleged in the Complaint which Defendant Kimbrell was driving at the time of the crash.

As used herein, the term "relevant time period" means the three (3) months before and the day of the crash.

As used herein, the term "document" means all electronic data, letters, correspondence, notes, emails, memoranda, schedules, books, records, emails, and all paper material of any kind, including preliminary drafts, whether written, typed, printed, punched, filmed, or marked in any way, recording tape or wire, films, photographs, digital images, graphic matter however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, including all notes or notations on any such document.

If any requests include items containing work product and/or attorney/client privileged information, limit the answer to those items not including the privileged information, and as to each item that you assert contains the privileged information, describe the nature of the item, the date of the item, the location of the item, and a brief summary of the privileged communication within the item, in sufficient detail to identify the item so that, if a motion to compel is required, the court can reach a determination. *See* **Rule 1.280(b)(5) Florida Rules of Civil Procedure, 2011.**

## <u>REQUESTS</u>
## <u>INSURANCE & AGREEMENTS</u>

1.      A complete and certified copy of any and all insurance policies that afford any coverage to you for the crash described in the Complaint, including any personal liability, automobile liability, excess or umbrella policies that you or Defendant TIDEWATER EQUIPMENT COMPANY had as of the date of the crash.

2.      A complete and certified copy of any and all insurance policies that afford any coverage to you for the crash described in the Complaint, including any personal liability, automobile liability, excess or umbrella policies that you or Defendant TIDEWATER EQUIPMENT COMPANY had as of the date of the crash.

3.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering or inuring to your benefit or the truck operated by you with regard to the incident described in the Complaint.  This request includes any personal liability or automobile insurance policies that you had as of August 22, 2020, on your personal vehicles.

4.      All documents regarding or reflecting any agreement made by you with any other person or party that would limit that party's liability to anyone for any of the damages sued upon in this case.

5.      All employment contracts and/or agreements between you and Defendant TIDEWATER EQUIPMENT.

6.      All employment contracts and/or agreements between you and Defendant TIDEWATER EQUIPMENT.

<u>**DOCUMENTS RELATED TO THE DRIVER**</u>

7.      A legible and color copy of both sides of your driver's license.

8.      All documents reflecting all call-ins or reports regarding Defendant KIMBRELL and/or any vehicles he drove while an employee of TIDEWATER EQUIPMENT COMPANY.

9.      All documents reflecting all call-ins or reports regarding Defendant ORTIZ and/or any vehicles he drove while an employee of Pritchett Trucking, Inc.

10.     All files and documents reflecting or regarding the hiring, training and/or supervision of Defendant KIMBRELL at TIDEWATER EQUIPMENT COMPANY.   This request includes, but is not limited to, all of KIMBRELL's personnel and/or employment files; all Drivers' Qualification Files; all Training files and any documents reflecting any training provided; all Driver History files; all disciplinary files; all medical files etc.

11.     All files and documents reflecting or regarding the hiring, training and/or supervision of Defendant KIMBRELL at TIDEWATER EQUIPMENT COMPANY. This request includes, but is not limited to, all of KIMBRELL's personnel and/or employment files; all Drivers' Qualification Files; all Training files and any documents reflecting any training provided; all Driver History files; all disciplinary files; all medical files etc.   All files and documents reflecting or regarding the hiring, training and/or supervision of Defendant KIMBRELL at TIDEWATER EQUIPMENT COMPANY.   This request includes, but is not limited to, all of KIMBRELL's personnel and/or employment files; all Drivers' Qualification

Files; all Training files and any documents reflecting any training provided; all Driver History files; all disciplinary files; all medical files etc.

12.     All documents reflecting or regarding time worked by Defendant KIMBRELL from July 22, 2020 through August 22, 2020.  This request specifically includes, but is not limited to, all of KIMBRELL's time records, pay stubs, times sheets and pay records, from whatever employer or source.

13.     All policies, procedures and/or rules of Defendant TIDEWATER EQUIPMENT provided or made available to Defendant KIMBRELL, and/or of which KIMBRELL was informed.

14.     A copy of the application and/or claims for benefits and/or claims for payments submitted by, or on the behalf of, you to any insurance company for any injuries and/or medical bills and/or property damage allegedly sustained by you as a result of the accident described in the Complaint (this includes **WC; PIP; Property Damage; and/or Med Pay** claims).

15.     Any and all cellular or mobile phone records (including any email and/or **text** records) for any cell phones and/or personal communication devices that you **had, used or were available for your use** from July 22, 2020 through August 22, 2020.  This request specifically asks for, but is not limited to, your cell phone bills covering July 22, 2020 through August 22, 2020.

16.     All documents reflecting whether you may have consumed any alcoholic beverages and/or drugs and/or medications in the 24 hours preceding the crash on August 22, 2020.

17.    Any documents relating to your place of origin (i.e., where you were coming from) and your destination (i.e., where you were going) at the time of the accident described in the Complaint.

18.    All documents, prescriptions and/or pill bottles for any medications or drugs which you were taking, were prescribed and/or were supposed to take from July 22, 2020 through August 22, 2020.

**DOCUMENTS RELATED TO THE CRASH SCENE AND VEHICLE(S)**

19.    Complete color copies of any and all photographs, movies and videotapes that reflect the scene of the accident which is the subject of the Complaint.

20.    Complete color copies of any and all **photos, movies and videotapes** that show the truck operated by the Defendant KIMBRELL during the subject accident after said truck was damaged in the subject accident and before it was repaired.

21.    Complete color copies of any and all **photos, movies and videotapes** that show the vehicle operated by the Plaintiff during the subject accident after said vehicle was damaged in the subject accident and before it was repaired.

22.    Complete color copies of any and all **photos, movies and videotapes** in your possession, custody or control that show or depict the Plaintiff.

23.    Any drawings or diagrams of the scene of the accident which are in the possession, custody or control of the Defendant, its agents, attorneys, investigators or insurance carriers.

24.    Complete, audible and/or legible and unedited copies of **all statements**, either written or recorded, given or made by any Plaintiff, Defendant or any other witness(es) which

are in the possession, custody or control of Defendant, his employer, agents, attorneys, investigators or insurance carriers.

25.      All documents reflecting any property damage claims arising out of this accident.

26.      All documents reflecting any workers' compensation claims arising out of this accident.

27.      Any damage estimates for damage resulting to the vehicle operated by the Defendant as a result of the subject accident.

28.      Any repair bill(s) and/or invoice(s) for repairs and/or replacement parts plus labor charges for the vehicle operated by the Defendant as a result of damages resulting from the subject accident.

29.      All documents relating to the **maintenance and/or inspections and/or repair** of the truck the Defendant was driving, as described in the Complaint, for **two (2) years up to and including the date of the crash** including, but not limited to, any and all maintenance and repair logs, requests, invoices, charges, repair or damage estimates, bills or receipts which are in your possession, your agents, attorneys, investigators, or anyone else acting on your behalf.

30.      A complete and legible copy of the title of the truck.

31.      A complete and legible copy of the registration of the truck.

## **OTHER DOCUMENTS**

32.      All documents which in any way support any contention you may have that any person or entity, other than you, is, or may be liable in whole or in part for the claims asserted against you in this lawsuit.

33.      All documents, which in any way support any affirmative defenses you allege in this case.

34.     All information obtained for the date of the crash from the Electronic Control Module or any other information/data collecting device or system for the truck being operated by you at the time of the crash.

35.     If it was so equipped, the on-board computer records that relate to your operation of the truck on the date of the crash.

36.     All documents in your possession, custody or control reflecting any disciplinary actions taken or charged against you at any time while driving for your employer or any other entity or person.

37.     Copies of all trip envelopes, trip reports or expense sheets relating to any trips made by you from thirty (30) days before the crash, the date of the crash, and thirty (30) days after the crash, whether for your employer or any other person or entity.

38.     Any documents regarding any investigation or inquiry ever made, prior to the date of the crash, by or at the direction of your employer concerning your driving record or qualifications to drive a truck such as the one at issue.

39.     All documents regarding any other traffic crashes or incidents or traffic infractions committed by you prior to the date of the crash.

40.     All documents regarding any investigation or inquiry ever made, prior to the date of the crash, by or at the direction of your employer or any other entity or person, concerning your driving record of qualifications to drive a truck such as the one at issue.

41.     All documents relating to any citations charged against you as a result of the crash.

42.     The owner's manual for the truck you were operating at the time of the crash.

43.     Any documents relating to any lease agreements or contracts (any lease documents of any kind) between you and your employer pertaining to the truck being driven by you at the time of the crash.

44.     All toll, fuel or other expense receipts obtained by you while operating any vehicles owned, leased or controlled by your employer or any other person or entity thirty (30) days before the crash, the date of the crash, and thirty (30) days after the crash.

45.     Any bills of lading, shipping invoices, routing slips or delivery schedules relating to your schedule for the date of the crash.

46.     The defendant driver's Pre-trip Check List, completed by you, prior to the trip resulting in the crash.

47.     All logs (Defendant driver's Daily / Multi-Daily Log / Log Book), that you completed for your employer and covering the relevant time period, which relate to your operation of any vehicles owned, leased or controlled by your employer.

48.     Your completed defendant driver's Duty Status Records, completed by you, covering the 30 days before and day of the crash relating to your operation of any vehicles owned, leased or controlled by your employer at the time of the crash.

49.     Your entire defendant driver's qualification file (cover to cover) for the job you held with your employer at the time of the crash.

50.     All notes, records, and documents included in your defendant driver's qualification file, including any which set forth the dates when annual reviews of your driving record were performed.

51.     Your entire personnel file for the job you held at the time of the crash with your employer, including all payroll records, salary information, and all benefits information.

52.     The results of any Request for Information directed to previous employers by your employer.

53.     The Request for Check of Driving Record submitted to any state agency by your employer or its officers, employees or agents requesting a copy of your driving record.

54.     All forms or reports completed by your employer or its officers, employees or agents during the entire length of your employment demonstrating the annual review of your driving record that was performed pursuant to 49 C.F.R. Section 391.25 and/or Section 316.302, Florida Statutes.

55.     Any forms submitted by you pursuant to 49 C.F.R. Section 391.27 and/or Section 316.301, Florida Statutes, during the entire length of your employment for the job you held at the time of the crash with your employer.

56.     The report or forms completed by the physician who examined you pursuant to 49 C.F.R. Section 391.43, et. seq. and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

57.     The Certificate of Physical Examination completed by any physician who examined you pursuant to 49 C.F.R. Section 391.41, et. seq. and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

58.     The written examination administered to you, including your answers thereto, which was administered pursuant to 49 C.F.R. Section 391.35 and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

59.     The Certificate of Written Examination completed by the person(s) who either administered or supervised the administration of the written examination given as required by 49

C.F.R. Section 391.35 and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

60.     The Record of Road Test completed by the person(s) who either tested or supervised your testing pursuant to 49 C.F.R. Section 391.33 and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

61.     The Certificate of defendant driver's Road Test completed by the person(s) who tested you pursuant to 49 C.F.R. Section 391.31 and/or Section 316.302, Florida Statutes for the job you held at the time of the crash with your employer.

62.     The application for employment submitted or completed by you for the job you held at the time of the crash with your employer.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be served via process server along with a copy of the Complaint.

PAJCIC & PAJCIC, P.A.

*/s/ Janeen M. Kirch*

**CURRY G. PAJCIC, ESQUIRE**
Florida Bar No.: 21301
**JANEEN M. KIRCH, ESQUIRE**
Florida Bar No.: 0041658
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: Curry@pajcic.com
Secondary E-mail: Janeen@pajcic.com
                         Rose@pajcic.com
                         Debra@pajcic.com

**Attorneys for Plaintiffs**



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:
DIVISION:

ROBERT GORMAN III,
and SHELBY GORMAN, his wife,
      Plaintiffs,

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
      Defendants.

_____

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT TIDEWATER EQUIPMENT COMPANY

Plaintiffs, pursuant to Rule 1.350, Florida Rules of Civil Procedure, request that Defendant TIDEWATER EQUIPMENT COMPANY produce at the offices of Pajcic & Pajcic, P.A., One Independent Drive, Suite 1900, Jacksonville, Florida 32202, or some other mutually agreeable place, the following documents for inspection and/or copying with in the time required by law:

### *DEFINITIONS*

As used herein, the terms "defendant driver", "JASON CARLOS KIMBRELL", "KIMBRELL", and "Defendant KIMBRELL" mean JASON CARLOS KIMBRELL, a party Defendant to this case, and any of his representatives or assigns, and his attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms, "Defendant", "you", "your", "Defendant TIDEWATER EQUIPMENT" and "TIDEWATER EQUIPMENT COMPANY", mean TIDEWATER EQUIPMENT COMPANY, INC., a party Defendant to this case, and any of its representatives or assigns, and their attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms "the crash", "the accident", "this accident", "the collision", "the incident" and "this incident" mean the accident described in the Complaint which occurred on August 22, 2020, in Nassau County, Florida.

As used herein, the term "the truck" means the 2016 FORD F450 bearing VIN number 1FDUF5HT4GED30101 as alleged in the Complaint which Defendant Kimbrell was driving at the time of the crash.

As used herein, the term "relevant time period" means the three (3) months before and the day of the crash.

As used herein, the term "document" means all electronic data, letters, correspondence, notes, emails, memoranda, schedules, books, records, emails, and all paper material of any kind, including preliminary drafts, whether written, typed, printed, punched, filmed, or marked in any way, recording tape or wire, films, photographs, digital images, graphic matter however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, including all notes or notations on any such document.

If any requests include items containing work product and/or attorney/client privileged information, limit the answer to those items not including the privileged information, and as to each item that you assert contains the privileged information, describe the nature of the item, the date of the item, the location of the item, and a brief summary of the privileged communication within the item, in sufficient detail to identify the item so that, if a motion to compel is required, the court can reach a determination. *See* **Rule 1.280(b)(5) Florida Rules of Civil Procedure, 2011.**

## REQUESTS
## INSURANCE & AGREEMENTS

1.      Any statements, either written or recorded, made by the Plaintiff in your possession, custody or control, pertaining to the crash described in the Complaint.

2.      A certified copy of any liability insurance policies including, but not limited to, any excess or umbrella policies, covering you on the date of the crash.

3.      Color photographs taken of the Defendants, the crash scene, or any vehicles involved following the crash that purport to show any injuries and/or damages.

4.      Copies of all invoices or appraisals depicting property damage to any vehicle involved in the crash.

5.      Any and all inspection, maintenance and repair records and/or repair estimates for the truck.  This request is limited to the relevant time period.

6.      The application for employment submitted or completed by the defendant driver.

7.      A legible color photocopy of both sides of the defendant driver's license to drive the truck.

8.      The Certificate of defendant driver's Road Test completed by the person(s) who tested the defendant driver pursuant to 49 C.F.R. §391.31.

9.     The Record of Road Test completed by the person(s) who either tested or supervised the testing of the defendant driver pursuant to 49 C.F.R. §391.33.

10.     The Certificate of Physical Examination completed by any physician who has examined the defendant driver pursuant to 49 C.F.R. §391.41.

11.     The report or forms completed by the physician who examined the defendant driver, specifically, the Medical Examination Report for Commercial Defendant driver Fitness Determination, pursuant to 49 C.F.R. §391.43.

12.     Any forms submitted by the defendant driver pursuant to 49 C.F.R. §391.27, during the entire length of employment with your company.

13.     All forms or reports completed by your company during the entire length of the defendant driver's employment demonstrating that the annual review of the defendant driver's driving record was performed pursuant to 49 C.F.R. §391.25.

14.     All Requests for Check of Driving Record and criminal record submitted to any state agency by your company requesting a copy of the driving and criminal records for the defendant driver and everything you received in response to those requests.

15.     The results of any Request for Information directed to any previous employers of the defendant driver.

16.     The entire personnel file on the defendant driver, including all payroll records, salary information, and all benefits information.

17.     All notes, records, and documents included in the defendant driver's qualification file for the defendant driver, including any which set forth the dates when annual reviews of the driving record of the defendant driver were performed.

18.     The entire defendant driver's qualification file, cover to cover, of the defendant driver.

19.     The defendant driver's Duty Status Records completed by the defendant driver covering the relevant time period and relating to the defendant driver's operation of any vehicles owned, leased or controlled by you.

20.     The defendant driver's Daily or Multi-Daily Log or Log Book and any other documentation or recorded information reflecting the defendant driver's work hours covering the relevant time period and relating to the defendant driver's operation of any vehicles owned, leased or controlled by you or any other person or entity.

21.     The defendant driver's Vehicle Inspection Reports (DVIR) including any pre and post trip inspections for any vehicles operated by the defendant driver for the week of, the week before and the week after the crash which relate to any vehicles owned, leased or controlled by you.

22.     If applicable, all MCS 50-T or MCS 50-B forms completed by either you or the defendant driver which were submitted to the Federal Highway Administration concerning any crashes involving the defendant driver during the period of the defendant driver's employment with you.

23.     All other forms, reports, checklists and other documents in your possession related to the crash.

24.     A copy of the title and registration for the truck involved in the crash.

25.     Any bills of lading, shipping invoices, routing slips, delivery schedules, and freight bills showing origination and destination relating to the materials or goods hauled by the defendant driver on the date of the crash.

26.     All toll, fuel or other expense receipts obtained by the defendant driver while operating any vehicles owned, leased or controlled by you or the defendant driver for the thirty (30) day before the crash, the date of the crash, and thirty (30) days after the crash.

27.     All supporting documents related to the defendant driver's hours of service including, but not limited to, all shipping documents, dispatch records, bills of lading and/or freight bills showing origination and destination in accordance with 49 C.F.R. §395.8.

28.     Any photographs, movies and videotapes taken by you or the defendant driver which you intend to use in any deposition taken in this cause, that reflect the scene of the crash, the vehicles involved in the crash or of any of the parties to this cause.

29.     Any photographs, movies and videotapes taken by you or the defendant driver which you intend to use at the trial of this cause, that reflect the scene of the crash or the truck.

30.     Any drawings or diagrams of the scene of the crash which is the subject of the Complaint which are in you or the defendant driver's possession which you intend to use in any deposition taken in this cause.

31.     Any drawings or diagrams of the scene of the crash which are in you, or the defendant driver's possession which you intend to use at the trial of this cause.

32.     Any exhibits prepared by you or the defendant driver which you intend to use at any deposition taken in this cause.

33.     Any exhibits prepared by you or the defendant driver which you intend to use at the trial of this cause.

34.     A copy of the application and/or claims for benefits and/or claims for payments submitted by you to any insurance company for personal injuries and/or property damage sustained by the defendant driver in the crash.

35.     All maintenance invoices in your possession, custody or control regarding the truck, from the time period including the date of the crash through and including the date of your response to this request.   Maintenance invoices, as defined herein, include any mechanical services or products added to the truck and any mechanical operations performed during this specified time period.

36.     Any documents regarding any damage repairs or estimates for the truck or any items within the truck as a result of the crash.

37.     Any documents regarding any injuries or damages to the defendant driver as a result of the crash.

38.     Any documents regarding the defendant driver's employment or agency with you covering the time period from the date when the defendant driver first became employed or contracted with you, up until the date of your response to this request, specifically including the crash date.   This request specifically includes, but is not limited to, all contracts or agreements between you and the defendant driver.

39.     Any documents relating to any lease agreements or contracts between you and the defendant driver pertaining to the truck.

40.     Any documents relating to the defendant driver's point of origin (coming from) and destination (headed to) at the time of the crash.

41.     Any documents regarding any repairs or costs charged against, or disciplinary actions taken against, the defendant driver as a result of the crash.

42.     The results of all pre-employment, periodic, random and post-crash controlled substance or alcohol testing of the defendant driver done pursuant to any employment policy or 49 C.F.R. §382.301 et seq.

43.     A complete copy of any post-crash drug test reports filed with any state agency including, but not limited to, the Department of Public Safety pursuant to 49 C.F.R. §390.15.

44.     Any and all on-board computer records that relate to the defendant driver's operation of the truck on the date of the crash.

45.     All Compliance Reviews or Safety Reviews of your company (as defined by 49 C.F.R. §385.3) performed by any state or federal governmental agency during the two (2) years prior to the date of the crash.

46.     All Safety Management Controls (as defined by 49 C.F.R. §385.3) that your company had in effect on the date of the crash.

47.     All safety ratings (as defined by 49 C.F.R. §385.3) issued to your company by any state or federal governmental agency for the two (2) years prior to the date of the crash.

48.     All notifications of safety ratings (as referenced in 49 C.F.R. §385.11) provided to your company by any state or federal governmental agency for two (2) years prior to the date of the crash.

49.     A complete copy of your Motor Carrier Identification Report, Form MCS-150.

50.     All requests submitted by you for a change in safety rating pursuant to 49 C.F.R. §385.15 for two (2) years prior to the date of the crash.

51.     All requests submitted by you for a change in safety rating pursuant to 49 C.F.R. §385.17 for two (2) years prior to the date of the crash.

52.     The MCS-90 form that covers you and/or the defendant driver or the truck which was in effect on the date of the crash.

53.     The permanent lease in effect as of the date of the crash for the truck.

54.     The trip lease in effect as of the date of the crash for the truck.

55.     The MCS-151, Parts A, B, and/or C form for the truck.

56.     The MCS-82 form for the truck.

57.     Copies of all trip envelopes, trip reports or expense sheets relating to any trips made by the defendant driver from thirty (30) days before the crash, the date of the crash, and thirty (30) days after the crash.

58.     Any <u>audits or reviews</u> performed by you of any <u>defendant driver's Daily or Multi-Daily Log Books, expenses and/or Bills of Lading</u> for the defendant driver for one (1) year prior to the crash.

59.     All information obtained from the Electronic Control Module or any other information/data collecting device or system for the truck at the time of the crash.

60.     All exit reports of audits performed by the Bureau of Motor Carrier Safety or by any other state or federal agencies for your company for two (2) years prior to the date of the crash.

61.     All manuals, videos or other similar documents used to train any of your defendant drivers for two (2) years prior to the date of the crash.

62.     The owner's operations and/or training manual for any radar or collision warning system in the truck at the time of the crash, whether or not it was working.

63.     Any and all records for the truck generated pursuant to 49 C.F.R. §396.3 and during the relevant time period.

64.     Any and all reports of any inspections conducted pursuant to 49 C.F.R. §396.9 for the truck during the relevant time period.

65.     Any and all defendant driver Vehicle Inspection Reports prepared pursuant to 49 C.F.R. §396.11 by you and/or the defendant driver for the truck.  This request is limited to the relevant time period.

66.     Any and all defendant driver's pre-trip checklists completed by any of your employees for the truck during the relevant time period.

67.     A copy of all documents of whatever nature pertaining to the crash and furnished to any governmental agency as required by 49 C.F.R. §390.15.

68.     A copy of the entire crash register maintained by you pursuant to 49 C.F.R. §390.15 for the three (3) years prior to the date of the crash.

69.     All records pertaining to the qualifications of brake inspectors employed or retained by you for the one (1) year prior to the crash.

70.     The truck, including all its component parts.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be served via process server along with a copy of the Complaint.

PAJCIC & PAJCIC, P.A.

*/s/ Janeen M. Kirch*

**CURRY G. PAJCIC, ESQUIRE**
Florida Bar No.: 21301
**JANEEN M. KIRCH, ESQUIRE**
Florida Bar No.: 0041658
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: Curry@pajcic.com
Secondary E-mail: Janeen@pajcic.com
                        Rose@pajcic.com
                        Debra@pajcic.com

**Attorneys for Plaintiffs**



IN THE CIRCUIT COURT, FORTH JUDICIAL CIRCUIT, IN AND FOR NASSUAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ROBERT GORMAN III,
and SHELBY GORMAN, his wife,
      Plaintiffs,

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
      Defendants.

_____

### PLAINTIFFS' NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO DEFENDANT TIDEWATER EQUIPMENT COMPANY

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Defendant TIDEWATER EQUIPMENT COMPANY is requested and required to answer the attached original Interrogatories numbered 1 through 22 propounded by Plaintiffs under oath and in writing, within the time and manner prescribed by law.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be served via process server along with a copy of the Complaint.

PAJCIC & PAJCIC, P.A.

*/s/ Janeen M. Kirch*

CURRY G. PAJCIC, ESQUIRE
Florida Bar No.: 21301
JANEEN M. KIRCH, ESQUIRE
Florida Bar No.: 0041658
One Independent Drive, Suite 1900

Jacksonville, FL 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: Curry@pajcic.com
Secondary E-mail: Janeen@pajcic.com
                  Rose@pajcic.com
                  Debra@pajcic.com
**Attorneys for Plaintiffs**



IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR NASSUA COUNTY, FLORIDA

CASE NO.:

DIVISION:

ROBERT GORMAN III,
and SHELBY LEE LEWIS,
          **Plaintiffs,**

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
          **Defendants,**

_____

## FIRST INTERROGATORIES TO DEFENDANT TIDEWATER EQUIPMENT COMPANY

Plaintiffs, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby request and require Defendant TIDEWATER EQUIPMENT COMPANY. to answer the following First Interrogatories, in writing and under oath, within forty-five (45) days of service hereof.

### *DEFINITIONS*

As used herein, the terms "Defendant", "you", "your", "defendant driver", "TIDEWATER EQUIPMENT COMPANY, INC.", "TIDEWATER", and "Defendant TIDEWATER" mean TIDEWATER EQUIPMENT COMPANY, INC., a party Defendant to this case, and any of its representatives or assigns, and their attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms "defendant driver", "JASON CARLOS KIMBRELL", "KIMBRELL", and "Defendant KIMBRELL" mean JASON CARLOS KIMBRELL, a party Defendant to this case, and any of his representatives or assigns, and his attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms "the crash", "the accident", "this accident", "the collision", "the incident" and "this incident" mean the accident described in the Complaint which occurred on August 22, 2020, in Nassau County, Florida.

As used herein, the term "the truck" means the 2016 FORD F450 bearing VIN number 1FDUF5HT4GED30101 as alleged in the Complaint which Defendant Kimbrell was driving at the time of the crash. .

As used herein, the term "relevant time period" means the three (3) months before and the day of the crash.

As used herein, the term "document" means all electronic data, letters, correspondence, notes, emails, memoranda, schedules, books, records, emails, and all paper material of any kind, including preliminary drafts, whether written, typed, printed, punched, filmed, or marked in any way, recording tape or wire, films, photographs, digital images, graphic matter however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, including all notes or notations on any such document.

If any requests include items containing work product and/or attorney/client privileged information, limit the answer to those items not including the privileged information, and as to each item that you assert contains the privileged information, describe the nature of the item, the date of the item, the location of the item, and a brief summary of the privileged communication within the item, in sufficient detail to identify the item so that, if a motion to compel is required, the court can reach a determination. *See* **Rule 1.280(b)(5) Florida Rules of Civil Procedure, 2011.**

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.   What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?  Is your company name correctly stated in the style of the Complaint?  If not, what is the correct company name?

     **ANSWER:**


2.   Is there any liability insurance coverage that protects you or JASON CARLOS KIMBRELL, or inures to your or JASON CARLOS KIMBRELL's benefit, regarding the damages sought by the Complaint?  If so, please state:

     a.   the name of the insurance company having the coverage;
     b.   who paid, or pays, for that insurance coverage;
     c.   the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage;
     d.   the policy number of each policy; and
     e.   whether JASON CARLOS KIMBRELL is covered under the policy.

     **ANSWER:**


3.   **The truck**: List the name and address of all persons, corporations or entities who were registered title owners or who had **any legal interest in** or who had any ownership interest in, or **right to control**, the truck at the time of the incident described in the Complaint and describe both the nature of the ownership interest or right to control, including the make, model, year and vehicle identification number.  Specifically state what legal right Defendant KIMBRELL had to possess and/or control the truck as of August 22, 2020 and whether he had TIDEWATER EQUIPMENT COMPANY's permission to be driving the truck.

     **ANSWER:**

4.    **EMPLOYMENT**: Please provide the following information regarding the relationship between yourself and JASON CARLOS KIMBRELL stating the nature of the relationship between Defendant KIMBRELL and you in terms of whether he was an employee and the terms of that relationship; the general nature of the work he performed for or on behalf of Defendant TIDEATER EQUIPMENT; and the proper legal name of JASON CARLOS KIMBRELL's employer at the time of the crash.

**ANSWER:**

5.    Specifically state whether at the time of the accident: a) JASON CARLOS KIMBRELL was operating the truck with Defendant **TIDEWATER EQUIPMENT's** knowledge and consent; b) JASON CARLOS KIMBRELL was operating the truck within the course and scope of his employment with Defendant **TIDEWATER EQUIPMENT**.

**ANSWER:**

6.    State the facts or circumstances upon which you rely for each Affirmative Defense in your Answer.

**ANSWER:**

7.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement, the parties to it and when the agreement was entered into.

**ANSWER:**

8.    Did any defect and/or mechanical problem in the truck contribute to the occurrence of the accident? If so, state the nature of the defect or problem and state the names of all persons with knowledge of the same.

**ANSWER:**

9.    Was JASON CARLOS KIMBRELL subjected to any remedial and/or disciplinary measures or actions of any sort by Defendant TIDEWATER EQUIPMENT at *anytime*

during the course of JASON CARLOS KIMBRELL's employment TIDEWATER EQUIPMENT?  If so, please provide the following requested information:

    a.   describe any and all actions taken by Defendant TIDEWATER EQUIPMENT as to each;

    b.   what answer, plea or response **JASON CARLOS KIMBRELL** made or entered to the action (did they agree to it, fight it, etc...);

    c.   when and where the action was taken, administered or heard; and

    d.   whether the action was documented in any way and, if so, describe those documents in detail?

**ANSWER:**

10.    <u>**Witnesses**</u>:  List the names, dates of birth, age, race, sex, last known telephone number and last known addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

**ANSWER:**

11.    State whether you, your agents or attorneys have taken or possess any **written or recorded statements** of any party or witness regarding this case**.**  If so, please state the name, race, sex and last known address telephone number of the person who gave the statement; the date each statement was made or given; whether the statement was oral, written or taken by any other device of whatsoever kind or nature; whether the statement was signed by the person giving it; the name, address and telephone number of the person taking said statement; the name, address and telephone number of the employer of the person taking each statement; the name, address and telephone number of the person maintaining custody of said statements; and whether the person giving said statement received a copy thereof.

**ANSWER:**

12.    State whether you, your attorney, agents or anyone else to your knowledge are in possession of any **photographs, movies, videos and/or digital images of any sort** of the scene, any of the vehicles, or any of the parties involved in the accident described in the Complaint.  If so, please state the total number of pictures you have; what each depicts; when and where they were taken; the name, address and telephone number of the person taking them; and the name, address and telephone number of the person maintaining custody of them.

**ANSWER:**

13.    State the account number, name and address of the provider, name and address of the account holder and cell number for any **mobile communication devices** (such as a cell phone, i-phone, blackberry, etc….) that JASON CARLOS KIMBRELL possessed or that you provided for their use from July 22, 2020 through February 22, 2020.

**ANSWER:**

14.    Was any test administered to JASON CARLOS KIMBRELL after this crash to determine whether there were any drugs or alcohol in his system?  If so, state what the results were as to each.

**ANSWER:**

15.    Was the motor vehicle that JASON CARLOS KIMBRELL was driving at the time of the crash damaged in the incident and, if so, where, when and by whom was it repaired and what was the cost to repair the damage?

**ANSWER:**

16.    Have you been a defendant in any other personal injury lawsuits involving vehicle negligence during the last five (5) years?  If so, state:

      a.    the date the litigation was filed;
      b.    the court in which it was filed;
      c.    the case name;
      d.    the case number;
      e.    the lawyer(s) who represented the plaintiff; and
      f.    the date of the incident forming the basis of the injury claimed.

**ANSWER:**

17.    Please state whether, to your knowledge, if the defendant driver has ever been involved in any crashes or incidents or committed any traffic infractions in the operation of any vehicles in the three (3) years preceding the date that the *defendant driver* submitted an

application for employment with your company up through the date of this response, including the crash at issue.  If so, for each please describe the nature of the crash or incident, the date of each crash or incident, where it occurred, and who, if anyone, including *defendant driver,* was an agent or employee of at the time, whether each resulted in any property damage and/or personal injuries, whether each resulted in any litigation or claims, and what, if any, disciplinary actions were taken against *the defendant driver* (probation, suspension, termination, etc.)..

**ANSWER:**

18.     Please state whether you have ever made any investigation or inquiry concerning *the defendant driver's* qualifications, driving record, criminal history and employment history.  If so, please state the date of each such investigation or inquiry, the name, address, and employment position of the person or persons making each such inquiry, the nature of each such inquiry, and the substance of all information obtained by each such inquiry, including, but not limited to, a description of any information relating to prior employment and terminations therefrom, drug/alcohol use and test results, driving citations, motor vehicle accidents, and criminal history of *the defendant driver*.

**ANSWER:**

19.     At the time of *the crash*, were *the defendant driver* engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

**ANSWER:**

20.     Did JASON CARLOS KIMBRELL fill out and turn in any mileage logs, fuels logs, trip reports, delivery logs/lists/reports, <u>log books</u> and/or pre-trip and/or post-trip inspection (PTI's) reports of their driving and/or records of duty status (RODS) in the three (3) months up to and including the date of the accident?  If yes, whom were they turned in to, and what has happened to the originals and copies of those inspection reports and/or log books/records of duty status?

**ANSWER:**

21.     Did JASON CARLOS KIMBRELL turn in to TIDEWATER EQUIPMENT COMPANY any PTI's (pre-trip or post-trip inspections of the truck), delivery schedules, pick up

sheets, receipts (fuel or any expenses of any kind), bills of lading, <u>shipping documents</u>, route sheets, <u>delivery schedules</u>, and/or trip sheets/reports/tickets, from July 22, 2020 through August 22, 2020?  If so, to who were they turned in and where are they now?

**ANSWER:**


22.    Describe in detail any documents reflecting JASON CARLOS KIMBRELL's driving, work time and/or expenses of KIMBRELL from from July 22, 2020 through August 22, 2020 (such as any the dispatch records, <u>time cards</u>, route sheets, <u>delivery schedules</u>, and/or <u>sign in sheets</u>, time records, receipts for tolls, weight measurement, fuel, or any expenses of any kind, all bills of lading, trip sheets/reports/tickets and/or schedules), and state where they are now.

**ANSWER:**

### JURAT of Defendant TIDEWATER EQUIPMENT COMPANY to Interrogatories

The foregoing interrogatory answers have been answered under oath and are true and correct to the best of my knowledge and belief.

TIDWATER EQUIPMENT COMPANY

By: _____

Its: _____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2022, by _____, the _____ of TIDEWATER EQUIPMENT COMPANY., personally known to me or had produced _____ as identification and did take an oath, who executed the foregoing Answers to Initial Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, this _____ day of _____, 2022.

_____
NOTARY PUBLIC
State of _____
My Commission Expires:

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO.:
DIVISION:

ROBERT GORMAN III
and SHELBY LEE LEWIS,
           **Plaintiffs,**

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
           **Defendants.**

_____

## PLAINTIFFS' NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO DEFENDANT JASON CARLOS KIMBRELL

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Defendant JASON CARLOS KIMBRELL is requested and required to answer the attached original Interrogatories numbered 1 through 28 propounded by Plaintiffs under oath and in writing, within the time and manner prescribed by law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be served via process server along with a copy of the Complaint.

PAJCIC & PAJCIC, P.A.

*/s/ Janeen M. Kirch*

_____
**CURRY G. PAJCIC, ESQUIRE**
Florida Bar No.: 21301
**JANEEN M. KIRCH, ESQUIRE**
Florida Bar No.: 0041658
One Independent Drive, Suite 1900

Jacksonville, FL 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: Curry@pajcic.com
Secondary E-mail: Janeen@pajcic.com
Rose@pajcic.com
Debra@pajcic.com
**Attorneys for Plaintiffs**



IN THE CIRCUIT COURT, FORTH JUDICIAL CIRCUIT, IN AND FOR NASSAU COUNTY, FLORIDA

CASE NO.:

DIVISION:

ROBERT GORMAN III,
and SHELBY GORMAN, his wife,
          Plaintiffs,

vs.

JASON CARLOS KIMBRELL
and TIDEWATER EQUIPMENT
COMPANY, INC.,
          Defendants.

_____

## FIRST INTERROGATORIES TO DEFENDANT JASON CARLOS KIMBRELL

Plaintiff  pursuant to Rule l.340, Florida Rules of Civil Procedure, hereby requests and requires Defendant JASON CARLOS KIMBRELL to answer the following First Interrogatories, in writing and under oath, within forty-five (45) days of service hereof.

### *DEFINITIONS*

As used herein, the terms "Defendant", "you", "your", "defendant driver", "JASON CARLOS KIMBRELL", "KIMBRELL", and "Defendant KIMBRELL" mean  JASON CARLOS KIMBRELL, a party Defendant to this case, and any of his representatives or assigns, and his attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms, "Defendant TIDEWATER EQUIPMENT" and "TIDEWATER EQUIPMENT COMPANY", mean TIDEWATER EQUIPMENT COMPANY, INC., a party Defendant to this case, and any of its representatives or assigns, and their attorneys, insurance representatives, insurance agents, insurance company or carriers or any of their agents, employees, investigators, representatives or assigns.

As used herein, the terms "the crash", "the accident", "this accident", "the collision", "the incident" and "this incident" mean the accident described in the Complaint which occurred on August 22, 2020, in Nassau County, Florida.

As used herein, the term "the truck" means the 2016 FORD F450 bearing VIN number 1FDUF5HT4GED30101 as alleged in the Complaint which Defendant Kimbrell was driving at the time of the crash.

As used herein, the term "relevant time period" means the three (3) months before and the day of the crash.

As used herein, the term "document" means all electronic data, letters, correspondence, notes, emails, memoranda, schedules, books, records, emails, and all paper material of any kind, including preliminary drafts, whether written, typed, printed, punched, filmed, or marked in any way, recording tape or wire, films, photographs, digital images, graphic matter however produced or reproduced, and all mechanical or electronic sound recordings or transcripts thereof, including all notes or notations on any such document.

If any requests include items containing work product and/or attorney/client privileged information, limit the answer to those items not including the privileged information, and as to each item that you assert contains the

privileged information, describe the nature of the item, the date of the item, the location of the item, and a brief summary of the privileged communication within the item, in sufficient detail to identify the item so that, if a motion to compel is required, the court can reach a determination. *See* **Rule 1.280(b)(5) Florida Rules of Civil Procedure, 2011.**

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.    Give your full proper legal name, race, sex, date of birth, social security number and list all **former names** and alias names you have ever been known by and when you were known by those names.  Further, state all <u>addresses</u> where you have lived since you were 18 years of age.

    **ANSWER:**

2.    <u>Witnesses</u>: List the name, race, sex, last known address, date of birth, phone number(s) and employer of all persons who are believed or known by you, your agents or your attorneys, including those living with you, to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

    **ANSWER:**

3.    <u>The truck</u>: List the name and address of all persons, corporations or entities who were registered title owners or who had **any legal interest in** or who had any ownership interest in, or **right to control**, **THE TRUCK** that you were operating at the time of the incident described in the Complaint and describe both the nature of the ownership interest or right to control including, the make, model, year and vehicle identification number.

    **ANSWER:**

4.    <u>Statements</u>:   State whether you, your agents or attorneys have taken or possess any **written or recorded statements** of any party or witness regarding this case**.**  If so, please state the name, race, sex and last known address and telephone number of the person who gave the statement; the date each statement was made or given; whether the statement was oral, written or taken by any other device of whatsoever kind or nature; whether the statement was signed by the person giving it; the name, address and telephone number of the person taking said statement; the name, address and telephone number of the employer of the person taking each statement; the name, address and telephone number of the person maintaining custody of said statements; and whether the person giving said statement received a copy thereof.  Finally, ***have your heard***, and/or do you know of, any

statements (whether or not recorded) made by the Plaintiff?  If so, state in detail what was said and when and by whom.

**ANSWER:**

5.      For any **mobile communication devices** (such as a cell phone, i-phone, blackberry, etc.) that you had or that were available for your use from February 20, 2018 through February 21, 2018, please state the cell/device number, the name and address of the account holder, the account number, and the name and address of the provider.

**ANSWER:**

6.      **Were you on** (talking on or using) a cell phone (or any other **mobile communication device** such as an i-phone, blackberry, etc.….) **at the time of this crash**?
*If so*, please provide:
        (a) the cell number of the phone you were using, the name of the account holder, the account number and the name and address of the provider; and
        (b) the complete name and number of the person to whom you were talking and/or texting and/or the site that you were visiting (i.e. emails, text messages or a website).
*If not*, please state:
        (a) the last time you spoke on and/or used the mobile communication device, how long and to/with whom **prior to** the crash; and
        (b) the first time you spoke to anyone **after** the crash, to whom and for how long.

**ANSWER:**

7.      At the time of the crash, where were you coming from and where were you going?  What route did you take and were you accompanied by anyone?  Were you on any mission or activity for any other person or entity (such as coming from or going to somewhere for your employer)?  If so, please state in detail what along with the name, address, telephone number and relationship of anyone who accompanied you.  Also, if so, state the name of the employer, person or entity that you were working for and/or were on a mission or activity for, and your employment position.

**ANSWER:**

8.   Describe in detail how the incident described in the Complaint happened, including any actions taken by you to prevent the incident.  Be sure to include in your answer what each person in your automobile was doing at the time of the accident.

**ANSWER:**

9.   Were you suffering from any medical condition, physical infirmity, disability or sickness at the time of the incident described in the Complaint?  If so, what was the nature of the condition?

**ANSWER:**

10.  Please identify with specificity all **drugs or medications** that you were taking *and/or* were prescribed to you (whether or not you took them as prescribed) from July 22, 2020 through August 22, 2020.  Include in your answer all over-the-counter medications, drugs and prescription medications and specify all drugs and/or medications that you were taking on August 22, 2020.  If the medication(s) was prescribed, give the complete name of the prescribing **physician**, the complete address of the prescribing physician, the complete name of the pharmacy that filled the prescription and the complete address of the **pharmacy** that filled the prescription.

**ANSWER:**

11.  Do you claim that anyone other than you was negligent in causing this accident?  If you do, describe exactly whom you claim was negligent, and exactly what you claim they did that negligently caused or contributed to this accident.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

12.  Did you consume any alcoholic beverages or take any drugs or medications within 24 hours before the time of the accident? If so, state with specificity: the type and amount of alcoholic beverages, drugs, or medications which were consumed; the time and date that they were consumed; where you were when you consumed them; who you were with when you consumed them; when and where you consumed them; who bought or purchased the alcohol or drugs; and the size of the alcohol containers from which you drank.

**ANSWER:**


13.   Do you now or have you in the past worn glasses, contact lenses or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

   **ANSWER:**


14.   Is there any liability insurance coverage that protects you, or inures to your benefit, regarding the damages sought by the Complaint? If so, please state:

   a.   the name of the insurance company having the coverage;
   b.   who paid, or pays, for that insurance coverage;
   c.   the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage; and
   d.   the policy number of each policy.

   **ANSWER:**


15.   Did any defect and/or mechanical problem in the vehicle you were driving at the time of the crash contribute to the occurrence of the accident?  If so, state the nature of the defect or problem and state the names of all persons with knowledge of the same.

   **ANSWER:**


16.   State whether you, your attorney, agents or anyone else to your knowledge are in possession of any **photographs, movies, videos and/or digital images of any sort** of the scene, any of the vehicles, or any of the witnesses to the crash, or of the parties involved in the crash described in the Complaint.  If so, please state the total number of pictures you have; what each depicts; when and where they were taken; the name, address and telephone number of the person taking them; and the name, address and telephone number of the person maintaining custody of them.

   **ANSWER:**


17.   State the facts upon which you rely for each affirmative defense in your answer.

**ANSWER:**

18.     Describe the scope and boundaries of your permission to operate the truck at the time of the accident on August 22, 2020**.**

**ANSWER:**

19.     **<u>EMPLOYMENT</u>**: Please provide the following information regarding the relationship between yourself and TIDEWATER EQUIPMENT COMPANY stating the nature of the relationship between Defendant TIDEWATER EQUIPMENT and you in terms of whether you were an employee and the terms of that relationship; the general nature of the work you performed for, or on behalf of, Defendant TIDEWATER EQUIPMENT; and the proper legal name of your employer at the time of the crash.

**ANSWER:**

20.     Please list the complete name, address and phone number of your primary care physician(s) since 2015 and provide the complete name, address and phone number of each and every medical facility and/or physician with which you consulted and/or treated with from 2015 up through and including the date you respond to this interrogatory question.

**ANSWER:**

21.     Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

22.     <u>OTHER/PAST EMPLOYMENT</u>:  State the full name, address, phone number and type of work you performed for every person and/or entity for whom you have worked (including any self-employment and military) during the ten (10) years up to and including the date of your response hereto.  For each employer, please state the full

proper legal name of the employer, their address, the dates during which you worked for them, what your job was, and the name(s) of your supervisors at that employer. For any military service, please state the branch of the military, your rank, the years served, your rate of pay, what your job was, your reason for leaving and the type of discharge.

**ANSWER:**

23.   Were you charged with any violation of law (including any regulations or ordinances) arising out of *the crash*? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

**ANSWER:**

24.   Please state whether you have been involved in any accidents or incidents or committed any other traffic infractions in the last ten (10) years. If so, for each please describe the nature of the accident or incident, the date of each accident or incident, the location, whether you were at fault, who, if anyone, you were an agent or employee of at the time, whether each resulted in any property damage and/or personal injuries, whether each resulted in any litigation or claims or lawsuits, and if there were any traffic citations issued and, if so, to whom and what the charges were, and what, if any, disciplinary actions were taken against you (probation, suspension, termination, etc.).

**ANSWER:**

25.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action and the date and court in which such suit was filed.

**ANSWER:**

26.   Please state for the date of the accident when you began work, describe the number, type and length of any breaks that you took that day, and describe the work you did that day including a description of all of the driving trips you made prior to the accident,

indicating for each time you drove, where you left from and where you went, at what time, and the purpose of each trip.

**ANSWER:**


27.     Did you fill out and turn in any delivery sheets, route sheets, delivery schedules, mileage logs, fuel logs, log books and/or pre-trip and/or post-trip inspection (PTI's) reports of your driving and/or records of duty status (RODS) in the three (3) months up to and including the date of the crash?  If yes, who were they turned in to, and what has happened to the originals and copies of those sheets, schedules, logs, reports and/or log books/records of duty status.

**ANSWER:**


28.     Were you subjected to any remedial and/or disciplinary actions or reprimands of any sort by Defendant TIDEWATER EQUIPMENT at *anytime* during the course of your employment with TIDEWATER EQUIPMENT COMPANY?  If so, please provide the following requested information:

a.      describe any and all actions taken by Defendant TIDEWATER EQUIPMENT.;
b.      what answer, plea or response did you make or enter to the action (did you agree to it, fight it, etc...);
c.      when and where was the action taken, administered or heard; and
d.      was the action documented in any way and, if so, describe those documents in detail.

**ANSWER:**

### *JURAT of Defendant JASON CARLOS KIMBRELL to Interrogatories*

  The foregoing interrogatory answers have been answered under oath and are true and correct to the best of my knowledge and belief.

<div align="right">

**JASON CARLOSS KIMBRELL**

</div>

_____
*Signature*

STATE OF _____
COUNTY OF _____

  Before me, the undersigned authority, personally appeared **JASON CAROLS KIMBRELL**, who being first duly sworn, deposes and says:

  That he is the person named in the foregoing Answers to Interrogatories, that he has read the same, knows the contents thereof and that the same are true to the best of his knowledge and belief, who is personally known to me or who has produced _____ as identification.

_____
Signature of Notary Public

Sworn to and subscribed before me
this ___ day of _____, 20__.

Notary Public
My commission expires:

UNOFFICIAL DOCUMENT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:

DIVISION:

JUDGE:

ROBERT G. GORMAN
III and SHELBY GORMAN,

      Plaintiffs,

vs.

TIDEWATER EQUIPMENT
COMPANY and JASON CARLOS
KIMBRELL, JR.,

      Defendants.

_____

## SUMMONS
## PERSONAL SERVICE ON AN INDIVIDUAL
## IMPORTANT

TO:   JASON CARLOS KIMBRELL, JR.
      7166 HIGHWAY 301 SOUTH
      NAHUNTA, GA 31553

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint, and 45 calendar days after this summons is served on you to file a written response to the attached Interrogatories, and Request for Production, in this Court. A phone call will not protect you; your written response; including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the Plaintiffs' Attorney named below.

**Curry Gary Pajcic**
**PAJCIC & PAJCIC, P.A.**
**One Independent Drive, Suite 1900**
**Jacksonville, Florida 32202**
**(904) 358-8881**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904)548-4600 press 0, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

      You are commanded to serve this **Summons and Complaint, Interrogatories, and Request to Produce** in this lawsuit on the above-named Defendant.

      DATED ON  _____, 20__.

                             **John A. Crawford**
                             Clerk of the Circuit Court

(Court Seal)

                             By:_____
                             Deputy Clerk

UNOFFICIAL DOCUMENT

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiendades, o privado de sus derechos, sin prvio aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate o Abogado del Demanadante).

**<u>IMPORTANT</u>**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres oblications juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a unbureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:

DIVISION:

JUDGE:

ROBERT G. GORMAN
III and SHELBY GORMAN,

        Plaintiffs,

vs.

TIDEWATER EQUIPMENT
COMPANY and JASON CARLOS
KIMBRELL, JR.,

        Defendants.

---

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and Request for Production in this action on Defendant, Tidewater Equipment Company, a foreign profit corporation, 7303 Blythe Island Highway, Brunswick, GA 31523.

    Each Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys, whose names and address are Curry Gary Pajcic, Esquire, and Janeen M. Kirch, Esquire, One Independent Drive, Suite 1900, Jacksonville, Florida, 32202, within twenty (20) days after service of this Summons on the Defendant, and forty-five (45) days to serve written response to the Interrogatories and Request for Production, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

    **WITNESS** my hand and seal of said Court on _____.

                                  **John A. Crawford**
                                  Clerk of the Circuit Court

(Court Seal)

                                  By: _____

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:
DIVISION:

ROBERT G. GORMAN
III and SHELBY GORMAN,

        Plaintiffs,

vs.

TIDEWATER EQUIPMENT
COMPANY and JASON CARLOS
KIMBRELL, JR. ,

        Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs ROBERT G. GORMAN III and SHELBY GORMAN sue Defendants, TIDEWATER EQUIPMENT COMPANY and JASON CARLOS KIMBRELL, JR., and allege:

## GENERAL ALLEGATIONS

1.       This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.       Plaintiff ROBERT G. GORMAN III and Plaintiff SHELBY GORMAN are husband and wife and residents of Nassau County, Florida.

3.       Defendant JASON CARLOS KIMBRELL (hereinafter "Defendant KIMBRELL") is a resident of Nahunta, Georgia.

4.       At all times material hereto, Defendant TIDEWATER EQUIPMENT COMPANY, INC. (hereinafter "Defendant TIDEWATER"), was a foreign corporation which has its principal place of business in the state of Georgia.

5.      Venue is proper because the crash at issue occurred in Nassau County, Florida.

6.      At all times material hereto, Defendant TIDEWATER owned, leased, or otherwise had the right of possession and/or control over a 2016 Ford Heavy Duty F550 truck, bearing Georgia license tag EMW 387 (hereinafter "the truck" or "Tidewater's truck" or "Tidewater truck").

7.      At all times relevant, Defendant TIDEWATER conducted substantial and not isolated business in the State of Florida, including in Nassau County, Florida.

8.      At all times material hereto, Defendant KIMBRELL was an employee or agent of Defendant TIDEWATER.

9.      At all times material hereto, Defendant KIMBRELL was operating the truck within the course and scope of his employment with Defendant TIDEWATER.

10.      At all times material hereto, Defendant KIMBRELL operated the truck with the knowledge and consent of Defendant TIDEWATER.

11.      On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL drove Tidewater's truck on US 1, northbound out of Hilliard, approaching the intersection of Murrhee Road, in Nassau County, Florida.

12.      On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL was driving Tidewater's truck at 60 mph, on US 1 northbound, out of Hilliard, in the right lane approaching Murrhee Road.

13.      At all times relevant, US 1 northbound out of Hilliard is a flat, straight, four-lane, divided highway to Murrhee Road.

14.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., it was a clear, dry day, and there were no obstructions to Defendant KIMBRELL's view of traffic ahead, if he was looking.

15.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL was approaching a full-sized, white, 2015 Chevy work truck ahead of him -- also in the right lane of US 1 ahead of Defendant KIMBRELL -- which was slowing down with blinker on to turn right onto Murrhee Road.

16.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL had <u>more than a mile</u> of flat, straight, roadway, and an unobstructed view of the roadway ahead, if he was looking, to see that full-sized, white, Chevy work truck ahead of him slowing to turn right onto Murrhee Road.

17.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL had <u>more than 60 seconds</u> to see, perceive, and react to the slowing and turning traffic ahead, if he was looking.

18.     At all times relevant, Defendant KIMBRELL was driving Tidewater's truck while intentionally and willfully distracted by cell phone.

19.     At that time and place, while behind the wheel of the 19,500-pound gvwr (gross vehicle weight rated) Ford F550 Heavy Duty Tidewater truck, and while driving highway speeds on US 1 northbound approaching Murrhee Road, Defendant KIMBRELL acted with intentional, reckless, willful, and in conscious disregard or indifference for the safety of others on the roadway that day.

20.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL slammed straight into the rear of the 2015 Chevy work truck that was ahead of him

Page **3** of **9**

in the right lane -- without ever hitting his brakes, without changing lanes, without ever changing direction, not even a turn of the wheel -- at highway speeds of 60 mph.

21.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., the occupants of that 2015 Chevy work truck were Plaintiffs Robert G. Gorman III, and his wife Shelby Gorman. The force of the impact from Tidewater's truck was so severe, that it propelled the Gormans' truck through the intersection of US 1 and Murrhee, off the road, through the shoulder, into and through the wet muddy ditch northeast of US 1 and Murrhee Road, and into the pole fence east of the ditch, impaling the pole fence into the grill of the Gorman's truck, some 200 feet from the initial point of impact.

22.     At that time and place, Defendants negligently operated or maintained the Tidewater truck such that it collided with the white, full sized, 2015 Chevrolet work truck, which was being driven by ROBERT G. GORMAN III, and in which his wife SHELBY GORMAN was a passenger.

23.     As a result, the Gormans suffered severe injuries.

## COUNT I
## NEGLIGENCE OF DEFENDANT KIMBRELL

24.     Plaintiffs re-allege paragraphs 1 – 22 and further allege:

25.     As a result, Plaintiff ROBERT G. GORMAN III sustained bodily injuries and resulting suffering, pain, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of any preexisting condition, expense of medical and nursing care and treatment, loss of ability to care for home and household, loss of earnings, and loss of earning capacity.  These losses are either permanent or continuing, and Plaintiff ROBERT G. GORMAN III will continue to suffer losses in the future.

26.     As a result, Plaintiff SHELBY GORMAN sustained bodily injuries and resulting suffering, pain, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of any preexisting condition, expense of medical and nursing care and treatment, loss of ability to care for home and household, loss of earnings, and loss of earning capacity.  These losses are either permanent or continuing, and Plaintiff SHELBY GORMAN will continue to suffer losses in the future.

27.     As a result of the injuries to Robert Gorman, Shelby Gorman suffered loss of consortium and will suffer such losses into the future.

28.     As a result of the injuries to Shelby Gorman, Robert Gorman suffered loss of consortium and will suffer such losses into the future.

WHEREFORE, Plaintiff ROBERT G. GORMAN III and Plaintiff SHELBY GORMAN demand judgment against Defendant JASON CARLOS KIMBRELL, JR., for damages and costs of suit, together with such other relief as the Court may deem appropriate.

## COUNT II
## VICARIOUS LIABILITY OF DEFENDANT TIDEWATER

29.     Plaintiffs re-allege paragraphs 1 - 22, and 24 – 28, and further allege:

30.     At all times relevant, Defendant KIMBRELL was driving the truck with the knowledge and consent of Defendant TIDEWATER.

31.     At all times relevant, Defendant KIMBRELL was driving the truck within the course and scope of his employment with TIDEWATER.

32.     At all times relevant, Defendant TIDEWATER was and is responsible for and liable for any damages caused by the negligence of Defendant KIMBRELL, who injured Plaintiff ROBERT G. GORMAN III and Plaintiff SHELBY GORMAN as set forth above.

WHEREFORE, Plaintiff ROBERT G. GORMAN III and Plaintiff SHELBY GORMAN demand judgment against Defendant TIDEWATER for damages and costs of suit, together with such other relief as the Court may deem appropriate.

### COUNT III
### CLAIM FOR PUNITIVE DAMAGES AGAINST
### DEFENDANT KIMBRELL

33.    Plaintiffs re-allege paragraphs 1 – 10, 22, and 25 – 28, and further allege:

34.    The standard for awarding punitive damages under Florida law is based on clear and convincing evidence that the defendant was personally guilty of *either* "gross negligence" *or* "intentional misconduct" of a defendant, as defined in §768.72, Florida Statutes.  These are defined by the statute as follows:

(a)  "**Gross negligence**" implies that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

(b)  "**Intentional misconduct**" exists where the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result, and despite that knowledge, intentionally pursued the course of conduct, resulting in injury or damage.

35.    On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL drove Tidewater's truck on US 1, northbound out of Hilliard, approaching the intersection of Murrhee Road, in Nassau County, Florida.

36.    At all times relevant, US 1 northbound out of Hilliard is a flat, straight, four-lane divided highway to Murrhee Road.

37.    On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL was driving Tidewater's truck at 60 mph, on US 1 northbound, out of Hilliard, in the right lane approaching Murrhee Road.

38.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., it was a clear dry day, and there were no obstructions to Defendant KIMBRELL's view of traffic ahead, if he was looking.

39.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL was approaching a full-sized, white, 2015 Chevy work truck ahead of him -- also in the right lane of US1 ahead of Defendant KIMBRELL -- which was slowing down with blinker on to turn right onto Murrhee Road.

40.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL had <u>more than a mile</u> of flat, straight, roadway, and an unobstructed view of the roadway ahead, if he was looking, to see that full-sized, white, Chevy work truck ahead of him slowing to turn right onto Murrhee Road.

41.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL had <u>more than 60 seconds</u> to see, perceive, and react to the slowing and turning traffic ahead, if he was looking.

42.     At all times relevant, Defendant KIMBRELL was driving the Tidewater truck while intentionally and willfully distracted by cell phone.

43.     At that time and place, while behind the wheel of the 19,500-pound gvwr (gross vehicle weight rated) Ford F550 Heavy Duty Tidewater truck, and while driving highway speeds, on US1 northbound approaching Murrhee Road, Defendant KIMBRELL acted with intentional, reckless, willful, and in conscious disregard or indifference for the safety of others on the roadway that day.

44.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., Defendant KIMBRELL slammed straight into the rear of the 2015 Chevy work truck that was ahead of him

in the right lane -- without ever hitting his brakes, without changing lanes, without ever changing direction, not even a turn of the wheel -- at highway speeds of 60 mph.

45.     On August 22, 2020, between approximately 1:30 p.m. – 2:00 p.m., the occupants of that 2015 Chevy work truck were Plaintiffs Robert G. Gorman III, and his wife Shelby Gorman. The force of the impact from Tidewater's truck was so severe, that it propelled the Gormans' truck through the intersection of US 1 and Murrhee, off the road, through the shoulder, into and through the wet muddy ditch northeast of US1 and Murrhee Road, and into the pole fence east of the ditch, impaling the pole fence into the grill of the Gorman's truck, some 200 feet from the initial point of impact.

46.     At that time and place, Defendants negligently operated or maintained the Tidewater truck such that it collided with the white, full sized, 2015 Chevrolet work truck, which was being driven by ROBERT G. GORMAN III, and in which his wife SHELBY GORMAN was a passenger.

47.     Defendant KIMBRELL acted with "gross negligence" and/or "intentional misconduct" in the operation of Tidewater's truck, and as a result caused the crash and injuries and damages described above.

WHEREFORE, Plaintiff ROBERT G. GORMAN III and Plaintiff SHELBY GORMAN demand judgment against Defendant KIMBRELL, for punitive damages, together with costs of suit, and any other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.   DATED this ⟨2 4th⟩ day of

January, 2022.

PAJCIC & PAJCIC, P.A.

*/s/ Janeen M. Kirch, Esq.*

**CURRY G. PAJCIC, ESQUIRE**
Florida Bar No.: 21301
**JANEEN M. KIRCH, ESQUIRE**
Florida Bar No.: 0041658
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
Primary E-mail: Curry@pajcic.com
Secondary E-mail: Janeen@pajcic.com
                            Rose@pajcic.com
                            Debra@pajcic.com

Attorneys for Plaintiffs

UNOFFICIAL DOCUMENT

Filing # 142545858 E-Filed 01/24/2022 04:45:06 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>NASSAU</u>   COUNTY, FLORIDA

<u>ROBERT G. GORMAN III, SHELBY GORMAN</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>TIDEWATER EQUIPMENT COMPANY, JASON CARLOS KIMBRELL Jr</u>
Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

      **III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ CURRY PAJCIC                    Fla. Bar # 21301
        Attorney or party                              (Bar # if attorney)

CURRY PAJCIC                           01/24/2022
  (type or print name)                  Date